**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RANDY BRUCE LAMICA,**

                **Plaintiff,**　　　　　5:14-cv-1284
　　　　　　　　　　　　　　　　　　　(GLS/ATB)
                v.

**COMMISSIONER OF SOCIAL
SECURITY**,

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Stanley Law Offices, LLP | JAYA A. SHURTLIFF, ESQ. |
| 215 Burnet Avenue | |
| Syracuse, NY 13203 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | SANDRA M. GROSSFELD |
| United States Attorney | Special Assistant U.S. Attorney |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Randy Bruce Lamica challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  In a Report and Recommendation (R&R) filed January 8, 2016, Magistrate Andrew T. Baxter recommended that the Commissioner's decision be affirmed.  (Dkt. No. 24.)  Pending are Lamica's objections to the R&R.  (Dkt. No. 25.)  For the reasons that follow, the court adopts the R&R, affirms the Commissioner's decision, and dismisses the complaint.

## II. Background[1]

On June 22, 2011, Lamica filed an application for DIB under the Social Security Act.  (Tr.[2] at 44, 157-65.)[3]  After his application was denied, Lamica requested a hearing before an Administrative Law Judge (ALJ), which was held on October 15, 2012.  (*Id.* at 24-43, 51, 72, 96.)  On

---

[1] The court incorporates the factual recitations of the parties and Judge Baxter.  (*See generally* Dkt. Nos. 16, 23, 24.)

[2] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 13.)

[3] While Lamica also applied for Supplemental Security Income benefits, (Tr. at 166-73), he did not appeal from the denial of those benefits.

2

January 14, 2013, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-3, 5-22.)

Lamica commenced the present action by filing a complaint on October 21, 2014, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Baxter issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 24.)

### III. <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See Almonte v. N.Y. State Div. of Parole, No. Civ. 904CV484GLS, 2006 WL 149049, at *3,

*5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Lamica's objections are fourfold. (Dkt. No. 26.) He argues that: (1) the ALJ should have concluded that he met Listing 1.05(B); (2) the residual functional capacity (RFC) finding posited by the ALJ was legally erroneous and not supported by substantial evidence; (3) the ALJ improperly determined his credibility; and (4) the ALJ should have consulted with a vocational expert (VE). (*Id.* at 1-9.) These arguments, by and large, fail to point to any specific deficiencies in the R&R. Instead, they seek to rehash arguments presented to and rejected by Judge Baxter. As the Commissioner points out, Lamica also makes some arguments for the first time in his objections, (Dkt. No. 27 at 2), which are not properly raised at this time. *See Smith v. Hulihan*, No. 11 CV 2948(HB), 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and

4

indeed may not be deemed objections at all.").

Bearing the foregoing in mind, Lamica makes the following specific objections: (1) in reviewing the ALJ's RFC determination, Judge Baxter overlooked contrary evidence, which includes the opinion of prosetheticist Joseph Lizotte regarding Lamica's ability to sit/stand/walk, (Tr. at 391-92), state agency review Dr. Bejamin Cortijo's acknowledgment of potential for issues related to Lamica's amputation, (*id.* at 393), Lamica's own testimony about his limitations, (*id.* at 30), and consultative examiner Dr. Kalyani Ganesh's opinion that Lamica had some limitations in his ability to effectively ambulate, (*id.* at 437); and (2) in reviewing the ALJ's credibility determination, Judge Baxter improperly "f[ou]nd [a] justification for the ALJ." (Dkt. No. 26 at 6, 8.) Lamica's other contentions fall into the category of general objections and warrant review for clear error only.

## A. RFC Determination

While specific objections typically trigger de novo review, Lamica's first specific objection is fundamentally flawed and, thus, requires only a brief comment. The factual premise from which Lamica begins — that Judge Baxter ignored contrary evidence in reviewing the ALJ's RFC determination (*id.* at 6) — is incorrect. Indeed, the R&R specifically

5

accounts for all of the so-called contrary evidence; most of it in significant detail. (*See generally* Dkt. No. 24.) In addition, Lamica overlooks the simple premise that "whether there is substantial evidence supporting the [claimant]'s view is not the question[,] rather, [the court] must decide whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d. Cir. 2013). For these reasons, Lamica's specific objection regarding the RFC determination is flawed and entitles him to no relief.

**B.     Credibility**

Lamica's other "specific" objection fares no better. Viewed through the proper objection-to-an-R&R lens, Lamica contends that the R&R must be rejected on the issue of credibility because Judge Baxter improperly manufactured a rationale in support of the ALJ's finding. (Dkt. No. 26 at 8.) This argument is similarly based upon a defective premise. The R&R addresses each of the arguments raised by Lamica in his brief, (*compare* Dkt. No. 16 at 14-16, *with* Dkt. No. 24 at 19-23), and acknowledges that the first reason given — having to do with why Lamica's prior employment ended and the timing of his leg "issue," (Tr. at 14) — for an adverse credibility finding by the ALJ is not competent to support it, (Dkt. No. 24 at

6

20, 23). Finding any error flowing from the first reason harmless, Judge Baxter then considered the other bases proffered by the ALJ, and found them both the result of an application of the appropriate legal standards and supported by substantial evidence. (*Id.* at 20-23.) Lamica's assertion that the R&R "provides additional 'examples' of daily activities to those provided by the ALJ," (Dkt. No. 26 at 8), is simply mistaken. In any event, and for exactly the reasons articulated by Judge Baxter, the ALJ's credibility finding, though a bit sparse, (Tr. at 14), is supported by substantial evidence and the result of a faithful application of the governing legal standards.

## C. **Remaining Findings and Conclusions**

Having addressed Lamica's "specific" objections as set forth above, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Baxter's R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's January 8, 2016 Report and Recommendation (Dkt. No. 24) is **ADOPTED** and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Lamica's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 9, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge